990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy OZBUN, Defendant-Appellant.
 No. 92-10539.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Ozbun was convicted of one count of 1) failing to comply with a closure order, and 2) bringing waste onto public land. Ozbun and several partners worked the King of Kings Angel Mine for many years. In 1982 the Bureau of Land Management closed the land upon which the mine was located to public camping and withdrew the mineral rights. A person who has a claim staked out when land is open for mineral entry may maintain the claim after the land is closed if he files an affidavit of annual assessment with the BLM. Ozbun failed to file an assessment affidavit in 1989. The BLM therefore closed his claim. He appeals his conviction for violating 43 C.F.R. §§ 8364.1 and 8365.1-1(4).
 
 
 3
 At trial, the Magistrate Judge refused to permit Ozbun to present expert testimony that Ozbun still had a valid mining claim. The expert was to testify that Ozbun's claim was a "working" claim and that the BLM erroneously rejected Ozbun's 1990 assessment affidavit. The Magistrate Judge ruled that the expert's testimony was irrelevant. The district court judge affirmed.
 
 
 4
 We affirm.
 
 
 5
 We review the exclusion of expert testimony under Fed.R.Evid. 702 for an abuse of discretion. United States v. Solomon, 753 F.2d 1522, 1525 (9th Cir.1985). Because the proffered evidence was irrelevant, the Magistrate Judge did not abuse his discretion.
 
 
 6
 Ozbun argues that the we should apply the mens rea standard used to decide tax fraud cases. See Cheek v. United States, 111 S.Ct. 604, 609 (1991). He argues 1) that the jury should have decided whether his actions were "willful" based on his subjective belief, and 2) that the expert testimony is relevant to whether he acted willfully. Ozbun was able to present all evidence concerning his state of mind that he sought to introduce through the expert. The expert was not competent to testify as to Ozbun's subjective state of mind.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ozbun's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3